## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL P. BOYD, | : | |
|     Petitioner | : | |
| | : | No. 1:20-cv-1546 |
| v. | : | |
| | : | (Judge Rambo) |
| WILLIAM P. BARR, | : | |
|     Respondent | : | |

## MEMORANDUM

### I.  BACKGROUND

On July 20, 2020, *pro se* Petitioner Daniel P. Boyd ("Petitioner"), who is currently incarcerated at the Federal Correctional Institution Allenwood in White Deer, Pennsylvania ("FCI Allenwood"), initiated the above-captioned case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Columbia.  (Doc. No. 1.)  Petitioner also paid the requisite filing fee.  (*Id.*)  On August 7, 2020, that court transferred the above-captioned case to this Court for further proceedings.  (Doc. No. 2.)  This Court received the transfer on August 28, 2020.  (Doc. No. 3.)

In 2012, in the United States District Court for the Eastern District of North Carolina, Petitioner was sentenced to 216 months' imprisonment after pleading guilty to conspiracy to provide material support to terrorists, in violation of 18 U.S.C. § 2339A, and conspiracy to murder, kidnap, maim, and injure persons in a foreign country, in violation of 18 U.S.C. § 956(a).  *See United States v. Boyd*, No.

5:09-cr-216 (E.D.N.C.) (Doc. No. 2115).  Petitioner did not appeal his convictions and sentence to the United States Court of Appeals for the Fourth Circuit.

Petitioner has now filed a 174-page § 2241 petition that also purports to be a "report of criminal misconduct" by federal judges.  (Doc. No. 1.)  Petitioner suggests that all federal judges have engaged in a RICO enterprise by imposing criminal judgments when they allegedly know they lack authority and jurisdiction to do so.  (*Id.* at 134.)  Petitioner suggests that by their actions in enforcing federal criminal laws, all federal judges have "kidnapped" him and others in violation of 18 U.S.C. §§ 2, 3, 4, 201, 241, 242, 371, and 1000.  (*Id.* at 134-38.)  He asserts that all federal judges are, therefore, subject to fines and imprisonment.  (*Id.* at 138.)

In addition to these accusations, Petitioner attacks his own convictions and sentence.  Specifically, Petitioner's § 2241 petition raises the following five (5) claims for relief:

1. Respondent failed to prove beyond reasonable doubt the Respondent's claim of Article II presidential executive authority to subject the Petitioner to federal investigation, indictment, prosecution, trial, judgment, conviction, and detention/imprisonment;

2. Respondent failed to prove beyond reasonable doubt the Respondent's claim of unlimited, unqualified, extraterritorial/legislative/judicial/civil/criminal authority/jurisdiction to apply and enforce all federal criminal laws, over the entirety of the several states of the Union, as well as foreign countries and elsewhere in the word, to subject the Petitioner to federal investigation, indictment, prosecution, trial, judgment, conviction, and detention/imprisonment;

3. Respondent failed to prove beyond reasonable doubt the Respondent's claim of authority/jurisdiction to subject the Petitioner to detention/imprisonment under color of the authority of the United States [federal government], for profit and gain of the ongoing criminal racketeering enterprise known as the "incentivized penal system";

4. Respondent failed to prove beyond reasonable doubt the Respondent's claim that the Respondent and the United States District Court Judge(s) had/have the authority/jurisdiction and duty to rely on "case precedent" [also known as "case law"] as "supreme law," superseding and replacing the Constitution for the United States of America; superseding and replacing the Acts of Congress; and superseding and replacing federal regulations as "controlling law" of the criminal action identified hereinabove; and

5. Respondent failed to overcome the "presumption of the Petitioner's actual innocence" by failing to prove Respondent's claims of authority/jurisdiction as identified in Claims 1 through 4 inclusive hereinabove, beyond reasonable doubt.

(*Id.* at 7-8.)  As relief, Petitioner seeks immediate release and to be provided with clothing, up to $500.00, and transportation to his place of conviction or residence. (*Id.* at 31-32.)

## II.  DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004).  The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b).  *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the

3

district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

It is well settled that to challenge the validity of a sentence, a federal prisoner must file a motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court, which is "already familiar with the facts of the case." *See Boumediene v. Bush*, 553 U.S. 723, 774-75 (2008); *see also Russell v. Martinez*, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Conversely, a federal prisoner may challenge the execution of his sentence, such as the denial or revocation of parole or the loss of good-time credits, buy filing a petition pursuant to 28 U.S.C. § 2241 in the district court for the federal judicial district where he is in custody. *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 443-44 (2004); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). However, if a petitioner shows "that a § 2255 motion 'is inadequate or ineffective to test the legality of his detention,' . . . [he may] resort to § 2241 to challenge the validity of the conviction or sentence." *See Brown v. Mendez*, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001); *see also* 28 U.S.C. § 2255(e); *Litterio v. Parker*, 369 F.2d 395, 395 (3d Cir. 1966) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

A motion under § 2255 is not "inadequate or ineffective" if the sentencing court has previously denied relief.  *See In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).  Nor is a § 2255 motion "inadequate or ineffective" merely because the inmate "is unable to meet the requirements of [28 U.S.C.] § 2244 and § 2255(h), which require a federal prisoner to obtain preauthorization from the appropriate United States Court of Appeals before filing a second or subsequent § 2255 motion in the sentencing court."  *See Miller v. United States*, No. 3:19-cv-2159, 2020 WL 820334, at *2 (M.D. Pa. Jan. 9, 2020), *report and recommendation adopted*, 2020 WL 815777 (M.D. Pa. Feb. 18, 2020).  Moreover, "§ 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements."  *See Long v. Fairton*, 611 F. App'x 53, 55 (3d Cir. 2015) (citing *Dorsainvil*, 119 F.3d at 251).  The Third Circuit:

> permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and [Third Circuit] precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review.  And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255."  Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."

*Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017) (quoting *Dorsainvil*, 119 F.3d at 251).  If a petitioner improperly challenges a federal

5

conviction or sentence under § 2241, the § 2241 petition must be dismissed for lack of jurisdiction. *See Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002).

In the instant case, "[i]t does not matter how much Petitioner tries to dress up the language in [his § 2241 petition] with references to attacks on the Attorney General's authority; the plain truth of the matter is that the claims raised in the [§ 2241 petition] directly challenge the validity of Petitioner's federal conviction." *Burt v. Barr*, No. 2:19-cv-7266-FMO (GJS), 2019 WL 5865776, at *6 (C.D. Cal. Oct. 3, 2019), *Report and Recommendation adopted*, 2019 WL 5865612 (C.D. Cal. Nov. 7, 2019). In his petition, Petitioner asserts that § 2255 is inadequate and ineffective to challenge his detention because § 2255 can only be used to challenge the legality of the sentence received and nothing more. (Doc. No. 1 at 15.) This, however, is simply not true. *See Untied States v. Hayman*, 342 U.S. 205, 222 (1952) (noting that "a proceeding under Section 2255 is an independent and collateral inquiry into the validity of the conviction").

Upon review of Petitioner's § 2241 petition, the Court concludes that Petitioner has not met his burden of demonstrating that a motion under § 2255 is inadequate or ineffective to challenge the legality of his detention. Moreover, Petitioner's claim is not premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid. The Court recognizes that in his fifth claim for relief, Petitioner asserts that

he is presumed to be actually innocent. Actual innocence claims "under § 2241 are to be initially tested against the more relaxed (but still stringent) actual innocence gateway standard." *Bruce*, 868 F.3d at 184. Thus, Petitioner must "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Actual innocence, however, refers to "factual innocence, not mere legal insufficiency." *Id.* at 623-24. A habeas court, therefore, must "make its determination in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995) (citation omitted).

Petitioner's assertion of actual innocence in his fifth claim for relief is inadequate to state a viable claim of actual innocence to permit him to proceed pursuant to § 2241. Nothing in Petitioner's § 2241 petition establishes that, in light of all the evidence, he would not have pled guilty. Petitioner's claims for relief have "nothing to do with factual innocence." *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012). Quite simply, "Petitioner cannot satisfy the actual innocence predicate for invoking the savings clause so as to forego raising his claims under Section 2255." *Burt*, 2019 WL 5865776, at *7 (concluding same with respect to an identical § 2241 petition filed by a federal inmate). Therefore, Petitioner may not rely upon

7

§ 2241 to raise his claims, and the Court will dismiss his § 2241 petition for lack of jurisdiction.

## III. CONCLUSION

Based on the foregoing, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed for lack of jurisdiction without prejudice to Petitioner's right to file a § 2255 motion in the sentencing court, subject to the pre-authorization requirements set forth in 28 U.S.C. §§ 2244 and 2255(h), as they may apply. Because Petitioner is not detained because of a process issued by a state court and the petition is not brought pursuant to § 2255, no action by this Court with respect to a certificate of appealability is necessary. An appropriate Order follows.

s/ Sylvia H. Rambo  
United States District Judge

Dated: August 31, 2020